UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60203-RAR

**CARLOS ACOSTA**,

    Plaintiff,

v.

**ALLTRAN FINANCIAL LP,**

    Defendant.

_____/

## ORDER STAYING CASE AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE

**THIS CAUSE** is before the Court upon *sua sponte* review of the record. On January 28, 2022, the Court ordered that the parties indicate their position on whether this matter should be stayed pending *en banc* review of *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434 (11th Cir. 2019). [ECF No. 3]. On January 31, the parties jointly notified the Court of their agreement that this matter should be stayed pending *en banc* review of *Hunstein* and that a stay of this case is appropriate. [ECF No. 6]. For the reasons stated below, this matter is **STAYED**.

Given that the factual allegations and legal issues in this case and those on appeal in *Hunstein* are case dispositive due to their effect on Article III standing, the Court finds that the interests of justice and judicial economy—including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources—will be promoted by staying this proceeding. Several judges in the U.S. District Court for the Southern District of Florida have already stayed numerous identical matters pending the Eleventh Circuit's forthcoming decision. *See, e.g.*, *Sardinas v. TRS Recovery Servs., Inc.*, No. 21-24057 (S.D. Fla. Dec. 3, 2021); *Zahriyeh v. F.H.*

*Cann & Associates, Inc.*, No. 21-61178 (S.D. Fla. Nov. 23, 2021); *Lalloo v. Cooling & Winter, LLC*, No. 21-14310 (S.D. Fla. Sept. 23, 2021); *Luca v. United Collection Bureau, Inc.*, No. 21-61427 (S.D. Fla. Sept. 13, 2021).

A district court has broad discretion to stay proceedings incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 683 (1997). However, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commons, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). "A stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). The scope of a stay, including its potential duration, and the reasons for the stay are factors to be considered when a district court is determining whether to exercise its discretion to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere. *Ortega Trujillo*, 221 F.3d at 1264.

Mindful of the Eleventh Circuit's admonition that stays of an indefinite nature are "immoderate," *id.*, the Court exercises the discretion at its disposal to fashion the instant stay such that its force will be spent within reasonable limits. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. All further proceedings in this action are hereby **STAYED** for a duration of **one (1) year** from the date of this Order or until the conclusion of the appeals process in *Hunstein*, whichever is sooner. **Sixty (60) days** prior to the expiration of such stay at the conclusion of one year, the parties shall file a joint status report regarding Appeal No. 19-14434 and submit memoranda as to their respective positions on whether any further stay should issue. At that point,

the Court will consider the parties' submissions and reassess the propriety of any further stay by written order. *Cf. Ortega Trujillo*, 221 F.3d at 1264 n.3 (holding a stay remaining in effect until the resolution of related proceedings indefinite in scope, despite the district court's requirement of status reports every three months, because the district court would not be guaranteed to reassess the propriety of the stay and could instead ignore the reports and leave the stay in effect).

2. The Clerk is directed to administratively **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

3. Upon resolution by the Eleventh Circuit of the appeal in *Hunstein*, the Court will lift the stay and order further briefing by the parties as necessary.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record